UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AYANA AUSTIN, <br><br> Plaintiff, <br><br> v. <br><br> LAW OFFICES OF M.L. ZAGER PC, <br><br> Defendant. | Case No.: <br><br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant LAW OFFICES OF M. L. ZAGER, PC, (hereinafter "Zager") alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the New York General Business Law NY GBS § 380, *et. seq.* and for the common law tort of defamation.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

6. Venue is also proper in this district because, Plaintiff resides in this District.

7. Venue is also proper in this district because, the Defendant conducts business in this District, and the injury occurred in this District.

### III. ALLEGATIONS AS TO PARTIES

8. Plaintiff, Ayana Austin, ("Austin") is a natural person residing in the State of New York.

9. Ms. Austin is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

10. Upon information and belief Defendant Law Offices of M. L. Zager, PC is a domestic professional corporation that did transact, and does now presently transact business in the State of New York.

11. Defendant Zager is authorized to conduct business in the State of New York through its principal executive office located at 461 Broadway, Monticello, New York 12701.

12. Upon information and belief, the principal purpose of Zager is in the business of the collection of debts using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. Upon information and belief Defendant Zager is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

14. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

15. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff adopts and realleges the foregoing as fully restated herein.

17. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

19. Consequently, Zager began its collection efforts to collect said debt from Plaintiff.

20. On or about September 29, 2020, Defendant was notified that the Plaintiff was represented by counsel.

21. On a few occasions in November 2020, Defendant contacted the Plaintiff directly by telephone, with knowledge that she was represented by an attorney.

22. At the time Defendant contacted the Plaintiff, Defendant was not told or informed that Plaintiff was no longer represented by an attorney.

23. In light of the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

24. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

25. In light of the facts articulated herein, Defendant attempted to collect a debt by communicating false representations or utilizing deceptive means.

26. In light of the facts articulated herein, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

27. In light of the facts articulated herein, Defendant attempted to collect a debt after it knows the consumer to be represented by an attorney and there was no consent from Plaintiff's attorney to communicate with the Plaintiff directly.

28. Defendant's activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(2), 1692d, 1692e, 1692e(10) and 1692f, amongst others.

29. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

## V. PRACTICES OF DEFENDANT

30. It is or was the policy and practice of Defendant Zager to collect or attempt to collect debts by utilizing various deceptive means, i.e, civil litigation, and the telephone.

31. Said practices and policies of Defendant is deceptive representations, which contradicts consumers' rights.

32. That the Defendant intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers by contacting the consumers directly with knowledge of the consumers having attorneys, for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

33. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (c), (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

34. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

35. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:  d, e, and f.

    i. Defendant violated 15 U.S.C. § 1692c(a)(2) by attempting to collect a debt after it knows the consumer to be represented by an attorney and there was no consent from Plaintiff's attorney to contact the Plaintiff directly;

    ii. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    iii. Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iv. Defendants violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

    v. Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

36. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt and

such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## COUNT I

### Violation of § 1692c(a)(2) Of the FDCPA – After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

37. Plaintiff adopts and realleges the foregoing as fully stated herein.

38. Section 1692c(a)(2) of the FDCPA prohibits a debt collector communicating with a consumer after it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive. *See, 15 U.S.C. § 1692c(a)(2).*

39. Defendant's violation of § 1692c(a)(2) of the FDCPA, include, but are not limited to, contacting the consumer directly when they know the consumer is represented by counsel and said counsel did not consent to Defendant contacting the consumer, in an attempt to collect a debt.

40. Defendant's violation of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

41. Defendant's actions committed in violation of § 1692c(a)(2) have caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

42. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692c(a)(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

43. Defendant's violation of § 1692c(a)(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

44. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692d Of The FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

45. Plaintiff adopts and realleges the foregoing as fully stated herein.

46. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

47. Defendant's violation of § 1692d of the FDCPA, include, but are not limited to, contacting the consumer directly when they know the consumer is represented by counsel and said counsel did not consent to Defendant contacting the consumer, in an attempt to collect a debt.

48. Defendant's violation of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

49. Defendant's actions committed in violation of § 1692d have caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

50. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

51. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

52. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

53. Plaintiff adopts and realleges the foregoing as fully stated herein.

54. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. See, 15 U.S.C. § 1692e.

55. Defendant's violation of § 1692e of the FDCPA, include, but are not limited to, contacting the consumer directly when they know the consumer is represented by counsel and said counsel did not consent to Defendant contacting the consumer, in an attempt to collect a debt.

56. Defendant's actions were false, deceptive and misleading in their attempts to collect this alleged debt.

57. Defendant's violation of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

58. Defendant's actions committed in violation of § 1692e caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

59. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

60. Defendants' violation of § 1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k(a)(1).

61. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692e(10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

62. Plaintiff adopts and realleges the foregoing as fully stated herein.

63. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See*, 15 U.S.C. § 1692e(10)

64. Defendant's violations of §1692e(10) of the FDCPA, include, but are not limited to contacting the consumer directly when they know the consumer is represented by counsel and said counsel did not consent to Defendant contacting the consumer, in an attempt to collect a debt.

65. Defendant's actions in violation of §1692e(10) were clearly false representations and deceptive means to collect an alleged debt.

66. Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

67. Defendant's actions committed in violation of § 1692e(10) caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

68. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(10)of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

69. Defendant violations of § 1692e(10) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See*15 U.S.C. § 1692k(a)(1).

70. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VI

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

71. Plaintiff adopts and realleges the foregoing as fully stated herein.

72. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. <u>See</u>, *15 U.S.C. § 1692f.*

73. Defendant's violations of § 1692f of the FDCPA, include, but are not limited to contacting the consumer directly when they know the consumer is represented by counsel and said counsel did not consent to Defendant contacting the consumer, in an attempt to collect a debt.

74. Defendant's actions were clearly unconscionable and unfair in its attempt to collect an alleged debt.

75. Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, *15 U.S.C. § 1692k*.

76. Defendant's actions committed in violation of § 1692f caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

77. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

78. Defendant violations of § 1692f of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. <u>See</u>*15 U.S.C. § 1692k(a)(1).*

79. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## COUNT VII

### Violations of the New York General Business Law § 349

80. Plaintiff adopts and realleges the foregoing as fully stated herein.

81. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

82. GBL § 349 provides in relevant part as follows:

    a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

    And;

    h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

83. It is the regular business practice of Defendant to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendant engaged in such a deceptive practice aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large.

84. It is the regular business practice of Defendant to contact the consumer directly when they know the consumer is represented by counsel and said counsel did not consent to Defendant

contacting the consumer. Defendant engaged in such deceptive practices aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large.

85. By unlawfully harassing Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

86. By unlawfully seeking to collect a debt from Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

87. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

88. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her because Defendant engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, Ayana Austin prays that this Court:

a. Declare that Defendant violated the FDCPA;

b. Declare that Defendant violated New York General Business Law § 349;

c. For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendant and for Plaintiff;

d. Enter judgment in favor of Plaintiff and against the Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

e. Enter judgment enjoining the Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

f. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ayana Austin demands trial by jury.

Respectfully submitted,

Dated: March 19, 2021

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**